# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LISA XIA VANG,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[1]

Defendant.

_______________________________/

Case No. 1:26-cv-01041-SKO

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

(Doc. 19)

Pending before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed September 30, 2026. (Doc. 19.) On October 14, 2026, Defendant filed a response to the motion indicating that they have "given substantive consideration to the merits of Plaintiff's request and found no basis to object." (Doc. 22.)

For the reasons set forth below, Plaintiff's unopposed motion for EAJA fees is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

On July 2, 2026, the Court issued an order granting the parties' "Stipulation and Unopposed Motion to Voluntary Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g)" and retaining

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

jurisdiction over the action until the completion of the remanded administrative proceedings. (Doc. 16.)

Plaintiff's unopposed motion for attorney's fees presently before the Court seeks a total award of $4,703.97 in attorney's fees under the EAJA, 28 U.S.C. § 2412. (Doc. 19.)

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The prevailing party must file an application within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The application must show that the party is a prevailing party, is eligible to receive an award under this subsection, and the amount sought, including an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. *Id.*

## III. ANALYSIS

The EAJA provides that an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Under the EAJA, a final judgment is defined as "a judgment that is final and not appealable." *Id.* § 2412(d)(2)(G). "In sentence six cases, the filing period does not begin until after the [post-remand] proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). When "the district court remands under sentence six, the claimant cannot apply for fees until the completion of post-remand proceedings." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). *See also Neuhauser v. Colvin*, No. C14-5421 BHS, 2015 WL 5081132, at *3 (W.D. Wash. Aug. 27, 2015) ("[A] claimant who obtains a sentence six remand does not become a prevailing party until the claimant is awarded benefits on remand") (citing *Akopyan v. Barnhart*, 296 F.3d 852, 855 (9th Cir. 2002); *Flores*, 49 F.3d at 568).

Here, Plaintiff's motion does not address whether she has been awarded benefits on remand

and whether post-remand proceedings have been completed.[2] Moreover, the parties have not sought the entry of final judgment in the case. *See Melkonyan*, 501 U.S. at 102; *Akopyan*, 296 F.3d 852, 855 ("[S]entence six remands do not constitute final judgments."). The Court is therefore unable to determine whether the award of attorney's fees is appropriate or timely.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, Plaintiff's unopposed motion for attorney's fees pursuant to EAJA (Doc. 19) is DENIED WITHOUT PREJUDICE. Plaintiff may re-file a motion in accordance with 28 U.S.C. § 2412 and the other authorities set forth in this order at the appropriate time.

IT IS SO ORDERED.

Dated: **October 20, 2026**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

[2] Instead, the motion mistakenly claims that the Court ordered the case "be remanded for further administrative proceedings, under the ***fourth*** sentence of 42 U.S.C. § 405(g)." (Doc. 19 at 4 (emphasis added).)